IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jacqueline Krontz, et al.,            Case No. 3:08CV346

          Plaintiffs,

     v.            ORDER

David J. Westrick, et al.,

          Defendants.

       This suit under 42 U.S.C. § 1983 arises as a result of a fall by plaintiff, Jacqueline Krontz, down stairs at the Defiance, Ohio, Municipal Court. After plaintiff had failed to comply with a payment schedule following a citation for failure to confine dogs, a Judge of that court had issued a warrant for her arrest. Following her arrest, plaintiff appeared before the Municipal Court, was found in contempt and remanded to custody for thirty days. While shackled and wearing ill-fitting uniform pants, plaintiff tripped, fell and suffered injuries. She claims that the authorities thereafter were deliberately indifferent to her medical needs.

       Plaintiff's children, plaintiffs Zachary Krontz, Nicholas Krontz, Jack Krontz and Danielle Krontz, seek recovery for loss of their mother's consortium. Plaintiff also asserts supplemental state law claims for, *inter alia*, negligence.

       Jurisdiction over the § 1983 claim is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Supplemental jurisdiction over plaintiff's state law claims is proper under 28 U.S.C. § 1367.

Pending is defendant's Fed. R. Civ. P 12(b)(6) motion to dismiss the complaint for failure to state facts on which relief may be granted. [Doc. 11]. For the reasons discussed below, defendant's motion shall be denied.

**Background**

Plaintiff is a resident of Putnam County, Ohio. On December 16, 2005, plaintiff plead guilty to a citation for failing to confine dogs. The court ordered her to pay fines and costs totaling $315.40 by making regular monthly payments of $50.

Plaintiff made all payments until May, 2006. On April 24, 2006, her house caught fire. She suffered severe smoke inhalation and was hospitalized for a few days. She and her family had to obtain shelter at a Comfort Inn. The expenses of doing so left her without funds to pay the hundred or so dollars remaining on her fine.

Plaintiff failed to notify the court why she could not pay. The court issued a warrant for her arrest following a non-appearance.

On July 23, 2006, law enforcement officials arrested plaintiff and transported her to the Corrections Center of Northwest Ohio [CCNO], where she was confined pending her court appearance. The legs of her CCNO-issued uniform pants extended four to six inches below her ankles.

On July, 24, 2006, law enforcement officials transferred Krontz from CCNO to the Defiance Municipal Court. Officials charged with Krontz's care deemed her a flight risk because of her failure to appear. So they placed her in leg shackles.

The court sentenced Krontz to thirty days of imprisonment for contempt of court.

After sentencing, defendants Defiance County Sheriff's Deputies Moats and Linebrink led Krontz to a non-public stairwell in the courthouse. Krontz successfully went down the first flight of stairs. On the second flight of stairs, she became entangled in her CCNO pants and leg shackles. She tripped and fell head first down the stairs.

She immediately complained of pain and numbness in her lower extremities. Neither Moats nor Linebrink offered any assistance or support; instead they ordered her to stand. She was unable to do so.

Krontz was transported from the court to the Defiance Medical Center for initial observation and testing. She was transferred to The Toledo Hospital and subsequently to Lake Park Rehabilitation Center. On discharge she received physical and occupational therapy. Krontz continues to suffer numbness and paralysis without significant improvement.

**Standard of Review**

A claim is subject to dismissal when the facts as alleged fail to state a basis for relief. Fed. R. Civ. P. 12(b)(6). No complaint shall be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief." *Pfenning v. Household Credit Servs.*, 295 F.3d 522, 525-6 (6th Cir. 2002); *see also Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)).

In deciding this Rule 12(b)(6) motion, my inquiry is essentially limited to the complaint, although I may also consider matters of public record, orders, items appearing in the record, and attached exhibits. *Yanacos v. Lake County*, 953 F. Supp. 187, 191 (N.D. Ohio 1996). I must accept all the allegations stated in the complaint as true viewing the complaint in the light most favorable to the plaintiff. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

A claim must plead "more than the bare assertions of legal conclusions," and "must contain either direct or inferential allegations respecting all the material elements to sustain recovery." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### Discussion

### 1. Cruel and Unusual Punishment

First, Krontz alleges that the defendants subjected her to cruel and unusual punishment by taking her down the stairs in leg shackles and ill-fitting pants, resulting in her fall.

Section 1983 provides a private cause of action against those who "under color of any statute, ordinance, regulation, custom or usage of any State" deprive another of any "rights, privileges, or immunities secured by" federal law. In a § 1983 action, plaintiff must prove: 1) defendants were acting under color of state law; and 2) their conduct deprived the plaintiff of rights or privileges protected by the laws or Constitution of the United States. *Phillips v. Roane County*, 534 F.3d 531, 539 (6th Cir. 2008).

To prevail on an Eighth Amendment claim involving injury, an inmate must prove that the defendants subjectively acted with "deliberate indifference" regarding an imminent risk of serious harm. To be found liable, defendants must have had subjective knowledge of a risk of serious harm, disregarded that risk, and, in doing so, been more than merely inattentive or negligent. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

There is no dispute that defendants Moats and Linebrink were acting under color of state law when they lead plaintiff from the courtroom. The issue in this case is whether they were deliberately indifferent to a substantial risk of imminent harm when they led her to a stairway while shackled and wearing pants that extended several inches below the ankle.

4

Defendants cite routine "slip and fall" cases, arguing that these can never give rise to a § 1983 Eighth Amendment claim. In the typical "slip and fall" case, prison officials have failed to remedy a slippery or obstructed floor, and an inmate falls. For instance, in *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993), the court rejected the claim of an inmate who was forced to wear leg shackles while showering and, as a result, fell. The court stated that "slippery prison floors" do not present "even an arguable claim for cruel and unusual punishment." *Id.*

Courts frequently reject plaintiffs' claims in "slip and fall" cases involving hazardous floor conditions. *See Daniels v. Williams*, 474 U.S. 327 (1986) (pillow left on a stairway by a sheriff's deputy); *Reynolds v. Powell*, 370 F.3d 1028 (10th Cir. 2004) (inmate on crutches slipped on wet floor; guards had prior notice of condition); *Denz v. Clearfield County*, 712 F. Supp 65, 66 (W.D. Pa. 1989) (cell slippery from humidity); *Robinson v. Cuyler*, 511 F. Supp. 161, 163 (E.D. Pa. 1981) (slippery kitchen floor); *Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N.D. Ill. 1979) (greasy stairway); *Snyder v. Blankenship*, 473 F. Supp. 1208, 1212 (W.D. Va. 1979) (pool of soapy water from leaking dishwasher); *Wallace v. Haythorne*, 2007 U.S. Dist. LEXIS 76330 (E.D. Cal. 2007) (holes in kitchen floor); *Peterson v. Walsh*, 2006 U.S. Dist. LEXIS 54304 (C.D. Ill. 2006) (leaking shower and wet floor).

Courts, in contrast, have concluded that forcing an inmate with an obvious impairment to walking to descend stairs without adequate assistance presents a triable issue of fact as to deliberate indifference. In *St. Cin v. Purkett,* 1995 WL 603300, at *2 (8th Cir.), the court reversed the district court's dismissal of an inmate's conditions-of-confinement claim. Prison officials knew that the plaintiff had leg problems requiring he have a first floor cell, but they placed him on the second floor. *Id.* at *1. Guards escorted the plaintiff, in handcuffs, down the stairs to the shower, and the

5

plaintiff fell, injuring himself. *Id.* Because the prison knew of his impairment and nevertheless required him to go down stairs, the court found that the plaintiff had stated a claim for deliberate indifference. *Id.* at *2.

Likewise, in *Wilson v. Weisner,* 43 Fed. Appx. 982, 987 (7th Cir. 2002), the court found that there existed triable issues of fact regarding the plaintiff's claim of deliberate indifference. The plaintiff alleged that a doctor had prescribed a wheelchair because of plaintiff's back injury, but that the prison had refused to provide one. *Id.* at 985. Instead, plaintiff alleged, prison officials required him to descend stairs using crutches and plaintiff fell. *Id.* at 986. The court found that, on these facts, a jury could find that prison officials were aware of a substantial risk that the plaintiff could not descend the stairs safely, and acted with deliberate indifference by refusing to provide an alternate route. *Id.* at 987.

The facts of the instant case more closely resemble those in the cases in which inmates were walking while impaired than those involving poorly maintained prison floors. Slippery, cluttered or damaged floors arise from day-to-day activities inside a prison, and it can be unclear whether prison officials knew of the condition or should have acted more quickly to remedy it. Krontz pleads facts far more egregious than those in these routine slip and fall cases. A rational jury could find that the risk posed by the shackles and long pants was so obvious that the supervising officials must have been aware that Krontz could fall. Closing one's eyes and doing nothing in the face of such manifest risk, a rational jury could find, constitutes deliberate indifference to the inmate's safety and well-being.

A prisoner's walking impairment, whether caused by injury or excessively long pants and shackled legs, is much more obvious – particularly to the individuals leading the prisoner down

6

stairs. Moreover, the facts in this case are more egregious than even those in *Wilson* and *St. Cin.* Here, prison officials actually created the inmate's impairment to walking by requiring her to wear the pants and shackles.

It is up to the defendants to show that other, safer options to reduce or eliminate the risk of serious injury did not exist. Whether they have or can do so is not a proper subject for attention at this stage.

Plaintiff has adequately plead a cause of action under § 1983 and the Eighth Amendment regarding her fall down the stairs.[1]

### 2. Failure to Provide Adequate Medical Care.

Krontz further claims that the defendants deprived her of her Eighth Amendment rights by falling to attend to her serious medical needs after the fall. This second claim, which is also a challenge to her conditions of confinement, must satisfy the two-prong analysis of objective seriousness and deliberate indifference described above. See *Hudson, supra,* 503 U.S. at 8-9.

Krontz received care responsive to her injuries. She cannot recover under § 1983 and the Eighth Amendment under such circumstances; negligence, even negligence amounting to malpractice in the provision of care to an inmate does not give rise to an Eighth Amendment cause of action. See *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

Defendants are entitled to dismissal of plaintiff's claim based on her allegations of inadequate post-fall medical care.

### Conclusion

---

[1] Where officers are deliberately indifferent to the risk of imminent and serious harm, they are not entitled to qualified immunity from a claim for damages. *Flint ex rel Flint v. Kentucky Dept. of Corrections,* 270 F.3d 340, 355 (6th Cir. 2001).

For the forgoing reasons, it is hereby

ORDERED THAT:

1. The motion defendants Moats and Linebrink to dismiss be, and the same hereby is denied;

2. The motion of the defendants to dismiss plaintiffs' claims under [42 U.S.C. § 1983](42 U.S.C. § 1983) be and the same hereby is granted; and

3. Ruling as to plaintiffs' supplemental state-law claims be, and hereby is held in abeyance pending further proceedings.

4.  A scheduling conference is set for February 23, 2009 at 9:30 a.m.

So ordered.

s/ James G. Carr

James G. Carr

Chief Judge
